CHIRCOP *v.* CITY OF PONTIAC.

1. MUNICIPAL CORPORATIONS — TAXPAYERS' ACTION — INJUNCTION — PARKING LOT—GENERAL FUND—ORDINANCES.

Taxpayers' bill for accounting and to enjoin use of general funds to meet obligations of municipal parking project for which bonds had been issued under the revenue bond act *held,* not to have stated a cause of action, where ordinance under which revenue bonds were issued expressed an intent to de'fray only *a part* of the cost of the improvements, and State statute permitted use of general municipal funds for such purpose (CL 1948, § 141.101 *et seq.,* as amended).

2. SAME—PARKING FACILITY—REVENUE BONDS—ORDINANCES—PARTIES.

Plaintiff taxpayers who were not holders of revenue bonds that had been issued for part payment of municipal public parking project may not question legality of operation and observance of the municipal ordinance under which the bonds were issued (Pontiac Ordinance No 1292).

BLACK, KAVANAGH, and SOURIS, JJ., dissenting.

Appeal from Oakland; Beer (William John), J. Submitted June 9, 1961. (Docket No. 44, Calendar No. 49,087.) Decided September 21, 1961.

Bill by Joseph Chircop and Donald Ernst against the City of Pontiac, a municipal corporation, and Walter K. Willman, city manager, for accounting of automobile parking revenue and to enjoin use of general tax funds for extension of off-street parking system. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Howlett, Hartman & Beier,* for plaintiffs.

*William A. Ewart,* City Attorney, for defendants.

BLACK, J. *(dissenting).* This is a taxpayers' suit, brought against the defendant city and city manager.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 52 Am Jur, Taxpayers' Actions § 15.

The bill* asks an accounting of "all receipts and disbursements of automobile parking district No. 1 up to the present time and that defendants be ordered to make such adjustment in the accounts as may be required to permit compliance with ordinance No 1292." The salient aim of the bill is to restrain the city from "diverting" portions of its general funds to support the sagging revenues of a municipal parking project which, by resolution of the city commission and referred vote of the electors, was established in March of 1956.

The bill alleges that the defendants have ignored the requirements of the mentioned ordinance and related sections of the revenue bond act of 1933, as amended (CL 1948, § 141.101 *et seq.,* as amended [Stat Ann 1958 Rev and Stat Ann 1959 Cum Supp § 5.2731 *et seq.*]); that the defendants have failed to properly account for the expenses of operating the system and have not charged the actual expenses of operation thereto; that the defendants have failed to fix rates for parking in an amount sufficient to meet the financial requirements of the ordinance; that the defendants have failed "to adopt the budget required by both statute and ordinance"; that the defendants have failed to set aside a sum sufficient to provide for the payment of the next succeeding period "as required by the revenue bond act";† that the defendants have, in violation of the statute and ordinance, pledged the faith and credit of the city to the acquisition of real property which has been placed in the parking system; that the defendants have placed in the parking system properties which were acquired for other purposes; and, in general, that the city's method of meeting payment of the outstanding revenue bonds, by which the project was financed per the enabling ordinance, has resulted

---

* The bill was filed April 27, 1960.

† See CL 1948, § 141.122 (Stat Ann 1958 Rev § 5.2752).—Reporter.

in a constant burden on the city's general funds, the principal source of which is property taxation.

The bill goes on to allege—this is the gist of the case—that during the course of pre-election activities, "the defendant Walter K. Willman [city manager], and officials and representatives of the defendant, city of Pontiac, represented to the electors of the city of Pontiac in advocating a favorable vote in the referendum that the entire cost of the parking system would be paid out of parking meter revenues, that no funds from general tax revenues would be diverted from other municipal purposes and used in the acquisition, administration, operation, or maintenance of the system and that the establishment of such parking system would cause no increase in the taxes paid by the taxpayers of the city of Pontiac nor any reduction of city assets and general tax revenues available for other municipal services."

The briefs and appendices tender something which is out of the procedural ordinary, that is to say, one circuit judge as against motion to dismiss held the bill sufficient, while another circuit judge on similar motion held the bill deficient. Defendants' first motion to dismiss was assigned to Judge Ziem. Upholding the bill, Judge Ziem ruled (May 23, 1960):

"The court has listened to the arguments, the capable arguments, and studied the briefs carefully. And one of the issues which the court feels is raised is, are the plaintiffs proper party plaintiffs. The court feels that this is covered by the case cited by counsel, *McManus* v. *City of Petoskey,* 164 Mich 390.

"In answer to that question, the court feels that these plaintiffs are proper party plaintiffs.

"Secondly, does the bill of complaint state a cause of action. Of course, the allegations in the bill of complaint must, for the purposes of this motion only, be accepted as true. The motion to dismiss is heard upon the allegations contained in the bill of complaint. All well-pleaded allegations must be accepted as true, of course, and a motion to dismiss cannot be used to try the case on its merits.

"The court is of the opinion that the bill of complaint raises at least 3 issues which can only be decided upon a trial on the merits. One question is whether the defendants are violating the revenue bond act and Pontiac Ordinance No 1292. Secondly, whether the defendants are, contrary to law, pledging the full faith and credit of the city to provide security for the revenue bonds. And thirdly, whether the defendants are violating the representations made prior to the election to induce a favorable referendum vote; and further, whether the defendants are violating the condition under which the favorable vote was given on the issues in the election."

An order thereupon entered denying defendants' said motion. Shortly thereafter defendants filed answer to the bill. The answer does not traverse plaintiffs' allegation of public representations to the electorate to induce an approving vote. September 20, 1960, defendants filed what is styled as a motion for decree on the pleadings, alleging in substance that "there is no prohibition in the city Ordinance No 1292 or the revenue bond act which restricts or limits the city of Pontiac from using capital improvement funds raised pursuant to a charter provision from using portions of said funds for the acquisition, maintenance, and development of public parking lots in the city of Pontiac." This second motion was assigned to and decided by Judge Beer. Judge Beer, treating the motion for what it

really is—another motion to dismiss the bill—ruled as follows:

"In considering this bill of complaint for the purposes of this motion, I accept its allegations as being truthful and correct. The allegations are well pleaded, but I cannot agree that the bill of complaint states a cause of action.

"State law gives the city of Pontiac the right to establish and maintain a public parking facility. That the city in its legislative discretion and wisdom provides for part of the cost through special revenue bonds to be paid for from parking fees does not stop the city of Pontiac from using general funds or capital improvement funds to better public parking in the area.

"The State of Michigan by legislative enactment has granted cities like Pontiac the right to provide public parking facilities. General funds or capital improvement funds may be used for the cost of establishing and maintaining them. This statutory right may not be denied, forfeited or foreclosed to the legislative authority (city commission) by the adoption of an ordinance like No 1292 providing for part payment of the cost of the parking facility out of special revenue bonds, not a debt of the city.

"There are other questions raised in the bill of complaint concerning the legality of the operation and observance of Ordinance No 1292 by the city authorities, but I hold under this bill of complaint, again accepting their allegations as true upon their face, that the plaintiff taxpayers, not being revenue bondholders, may not question these provisions."

From Judge Beer's order of dismissal, plaintiffs have taken the present appeal.

One feature of this case suggests, again with illustrative significance, that chancery cases are not properly triable on motion to dismiss supported by *ex parte* affidavit or affidavits of fact. Here defendants seek, by post-appeal affidavit made a part of

their appendix, to bolster the reviewed motion to dismiss. The substance of such affidavit is that defendants have "transferred from the parking meter fund to the general fund" certain items of costs "totaling $76,582.05."*

Such practice is quite out of order. It highlights what has been said before; that the policy of moving to dismiss, without accepting as true all well-pleaded allegations of the attacked pleading, must be discouraged save only in the exceptional instances permitted by Court Rule No 18 (1945).

What plaintiffs' proofs may disclose, by way of persuasion that equity can and should act, cannot now be assessed or determined. It is sufficient to say, as in *Peoples Savings Bank* v. *Stoddard,* 351 Mich 342, 357, that the amply pleaded charges plaintiffs make in their bill are grave; further that possible application of the statutes and authorities cited pro and con by the contending parties can best be determined on a full record.

The bill states a case cognizable by equity. The pleaded issues should have gone to testimonial hearing in accordance with the first order below. The order should be reversed and remanded for such purpose. Costs to abide the final result.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.

EDWARDS, J. Plaintiffs-appellants' bill of complaint filed by them as taxpayers has as its principal purpose an attack upon the city's use of tax money from its general fund to supply land and services for

---

* Upon strength of this self-corrective showing defendants say, in their brief:

"The transfer of $76,582.06 (*sic*) by the director of finance reduces plaintiffs' case to one without legal status. The trial judge was correct in his holding that plaintiffs' bill of complaint did not state a cause of action."

public parking in a district of the city of Pontiac in which a parking system financed by revenue bonds to be paid off by parking meters was located.

Attached to plaintiffs' bill of complaint as exhibit A was the ordinance establishing automobile parking system No. 1. Its title provided in part:

"To provide for the issuance and sale of revenue bonds to defray a *part* of the cost of such improvements, enlargements and extensions." (Italics supplied.)

The circuit judge to whom this cause of action was assigned for trial dismissed the bill of complaint on motion. The ruling of the court on that motion properly dealt with the issues before the court as follows:

"In November, 1955, the city of Pontiac established by Ordinance No 1292 a downtown public parking system. It had a defined central business area and geographical limits. The cost of this public improvement was *in part* to be paid for by revenue bonds. The revenue bonds are not a debt of the city. Instead, revenue bonds are payable out of income from the parking facility.

"The bill of complaint alleges the city of Pontiac since 1955, on many occasions to date has serviced, maintained, improved, expanded and enlarged this public parking system using therefor the general funds and capital improvement funds of the city. It is further alleged that the city of Pontiac plans to continue such conduct in the future.

"Plaintiffs allege such acts to be in violation of their rights as taxpayers in the city. They claim the revenue bondholders are being benefited unlawfully by the complained of acts of the city of Pontiac, and that also there is the creation of an illegal surplus.

"In considering this bill of complaint for the purposes of this motion, I accept its allegations as being truthful and correct. The allegations are well plead-

ed, but I cannot agree that the bill of complaint states a cause of action.

"State law gives the city of Pontiac the right to establish and maintain a public parking facility. That the city in its legislative discretion and wisdom provides for part of the cost through special revenue bonds to be paid for from parking fees does not stop the city of Pontiac from using general funds or capital improvement funds to better public parking in the area.

"The State of Michigan by legislative enactment has granted cities like Pontiac the right to provide public parking facilities. General funds or capital improvement funds may be used for the cost of establishing and maintaining them. This statutory right may not be denied, forfeited or foreclosed to the legislative authority (city commission) by the adoption of an ordinance like No 1292 providing for part payment of the cost of the parking facility out of special revenue bonds, not a debt of the city.

"There are other questions raised in the bill of complaint concerning the legality of the operation and observance of Ordinance No 1292 by the city authorities, but I hold under this bill of complaint, again accepting their allegations as true upon their face, that the plaintiff taxpayers, not being revenue bondholders, may not question these provisions.

"I am saying that revenue bondholders might, in an appropriate action, question some of the charges as contained in the allegations of the bill of complaint as to the fund, for the benefit of revenue bondholders.

"Therefore, I grant the motion to dismiss the bill of complaint."

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, and SMITH, JJ., concurred with EDWARDS, J.